| **Matter of Morancie** |
|:---:|
| 2024 NY Slip Op 33058(U) |
| August 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161631/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JOHN J. KELLEY**               PART                56M

*Justice*

-------------------------------------------------------------------------------X

In the Matter of                                          INDEX NO.          161631/2023

ABBIGAIL PATRICE MORANCIE,                               MOTION DATE        07/19/2024

                    Petitioner.                          MOTION SEQ. NO.      001

(NEW YORK COUNTY CLERK)                                   **DECISION, ORDER, and**
                                                                **JUDGMENT**

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

were read on this motion to/for                         RELEASE RECORDS                    .

In this proceeding pursuant to Domestic Relations Law § 235(1) and (3) for leave to unseal court records, the petitioner requests that the court direct the unsealing of a Supreme Court case file referable to a 2012 matrimonial action in which her deceased father was a defendant.  In response, the County Clerk of the County of New York, who was served with a copy of the order to show cause, petition, and supporting papers, as directed by the court, and the former wife of the petitioner's father, Rosemary Fournillier, who was personally served in accordance with the initiatory order to show cause, do not submit opposition.

The petition is granted.

This proceeding presents a unique set of facts, inasmuch as there will be no prejudice or personal embarrassment to the petitioner's father if the files are unsealed since he is deceased, and, by declining to oppose the petition, the former wife of the petitioner's father has essentially conceded that there would be no embarrassment to her.  Moreover, the adult petitioner needs access to the file in connection with another legal proceeding pending in the High Court of

**161631/2023  MORANCIE, ABBIGAIL PATRICE vs.**                          **Page 1 of 5**
**Motion No.  001**

[* 1]

Trinidad and Tobago (Estate No. 2666 of 2022), and the County Clerk, as custodian of the files, has interposed no objection to the unsealing of the file.

The petitioner's deceased father, Patrick Leo Morancie (Morancie), had been married to Fournillier. In a judgment entered August 19, 2013, the Supreme Court, New York County, awarded Fournillier a divorce from Morancie in an uncontested matrimonial action entitled *Fournillier v Morancie*, which had been commenced under Index No. 310901/2012. Morancie died on December 22, 2021. On July 6, 2022, Fournillier applied to the High Court of Trinidad and Tobago for the issuance of letters of administration. The petitioner averred that, despite having divorced Morancie, and despite the petitioner's residence at Morancie's real property, Fournillier has made claim, as Morancie's surviving spopuse, to his estate, including that real property. On January 11, 2023, and again on June 26, 2023, attorneys representing the petitioner in the High Court of Justice of Trinidad and Tobago submitted a Caveat to stop Fournillier from obtaining access to, or otherwise tampering with, Morancie's estate. At the time that this petition was submitted, the later Caveat was due to expire on December 23, 2023.

In support of her petition, the petitioner submitted copies of her own birth certificate, establishing that she is Morancie's daughter, Fournillier's application for letters of administration in the High Court of Trinidad and Tobago, Fournillier's signed and notarized statement, sworn to December 13, 2003, that she had abandoned the marital home in Point Lisas, Trinidad, and the summons with notice in Fournillier's action for a divorce against Morancie.

Domestic Relations Law § 235(1), which derives from rule 278 of the former Rules of Civil Practice, provides that, in a matrimonial action or custody and visitation proceeding, the clerk of the court with whom the records of proceedings are to be filed

> "shall not permit a copy of any of the pleadings, affidavits, findings of fact, conclusions of law, judgment of dissolution, written agreement of separation or memorandum thereof, or testimony, or any examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party, except by order of the court."

The statute does not, by its terms, articulate the circumstances in which an unsealing order may be warranted. Nonetheless, courts have determined applications under the statute based on its salutary purpose of promoting privacy and keeping embarrassing matter from open public access (*see Janecka v Casey* 121 AD2d 28 [1st Dept 1986]; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C235:1). Generally, courts have denied access to such sealed documents unless there is a "showing of special circumstances" (*Matter of Madsen v Westchester County Clerk*, 43 Misc 3d 1217[A], *2, 2014 NY Slip Op 50675[U], *3 [Sup Ct, Westchester County 2014]). Research has revealed no judicial authority limiting the types of cases or circumstances which may be deemed "special" in this context.

As the court phrased it in *Madsen*, however, a showing of special circumstances may be made through the petitioner's articulation and particularization of the relevance of the information sought to an important pending matter (*Id*. at *3). Thus, as the court in *Madsen* recognized, reported cases addressing the issue most frequently involve a request for the unsealing of matrimonial case files in the context of a party's attempt to obtain evidence necessary to the prosecution or defense of a separate pending action or proceeding. The courts determining these matters have essentially balanced the privacy interests of a living party to a pending or disposed matrimonial action, with the interest of that party's adversaries in full and complete disclosure of evidence material to the other pending action or proceeding, sometimes directing the unsealing (*see Janecka v Casey* 121 AD2d at 30), and sometimes denying it (*see Harvey v Mazel Am. Partners*, 179 AD2d 1, 9 [1st Dept 1992]). Where a request for unsealing is made for purposes of securing such discovery, the crucial inquiry is whether there is a nexus between the information sealed in the matrimonial case file and the facts of the pending action or legal proceeding (*see id*.; *Hovagim v Marchand's School of Dance, Inc*., 225 AD2d 522, 522-523 [2d Dept 1996]). The instant proceeding does, in fact, involve a pending legal proceeding in Trinidad and Tobago and the petitioner's need to obtain the judgment of

**161631/2023  MORANCIE, ABBIGAIL PATRICE vs.**
**Motion No.  001**

**Page 3 of 5**

divorce in her father's divorce action in order to resolve that proceeding. The petitioner has made a sufficient showing that she needs to unseal the divorce case file to process her claim in a Trinidad and Tobago decedent's estate proceeding, and that by obtaining that file, she likely would resolve that proceeding.

The relevant statute does not require matrimonial case files to be sealed forever. Although Domestic Relations Law § 235(5) directs the clerk to unseal such records 100 years after the date of filing in order to balance the need to protect litigants' privacy with the State's general policy of openness of public and historical records, the unsealing of the subject case file almost 19 years after sealing does no violence to the statutory scheme or any living person's privacy interests (*see Matter of K.R. v Clerk of New York County*, 2017 NY Slip Op 31789[U] [Sup Ct, N.Y. County, Aug. 14, 2017] [unsealing 50-year-old matrimonial case file where petitioner sought to ascertain whether his mother abandoned him, as claimed by his father, or whether his father prevented his mother from having contact with him]). In *Madsen*, the court denied a request by an author writing a biography of a deceased individual who had been notable in the 1920s to unseal the subject's matrimonial case file, finding that the "request to access this information for the purposes of writing a biographical work is insufficient to justify an intrusion into the 100-year period of privacy afforded by DRL 235" (*Madsen*, at *3). This is not such a case.

The petitioner has established the existence of "special circumstances" and the absence of potential embarrassment to any living person, both of which are required for the unsealing of the relevant case files. This court looks to the salutary purpose of Domestic Relations Law § 235(1), which is to prevent embarrassment to living persons, and concludes that no purpose or policy would be served by denying the petitioner access to the requested file.

Accordingly, it is,

ORDERED and ADJUDGED that the petition is granted, without opposition, and the County Clerk of the County of New York is directed to unseal and make available to the

**161631/2023   MORANCIE, ABBIGAIL PATRICE vs.**                                                    **Page 4 of 5**
**Motion No.  001**

petitioner, Abigail Patrice Morancie, the case file in the following action for review and copying:

*Rosemary Fournillier v Patrick Leo Morancie*, Supreme Court, New York County, Index No. 310901/2012.

This constitutes the Decision, Order, and Judgment of the court.

_____        _____
   **8/29/2024**                                              **JOHN J. KELLEY, J.S.C.**
      **DATE**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |